IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAUREE JANKOWSKI,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES ARMY,<br><br>　　　　　Defendant. | 4:23CV3112<br><br>**MEMORANDUM AND ORDER** |

　　　Plaintiff Lauree Jankowski filed a Complaint on June 15, 2023, while she was incarcerated.  Filing No. 1.  Plaintiff was subsequently released and given leave to proceed in forma pauperis as a non-prisoner on October 24, 2023.  Filing No. 12.  The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I. SUMMARY OF COMPLAINT**

　　　Plaintiff brings this action "in the manner of a Federal Tort Claims Act [("FTCA")] under 28 U.S.C. § 1346(b)" against the United States Army ("Army").  Filing No. 1 at 1. Plaintiff also seeks the release of her application record and enlistment files from 2021 to 2022 retained by the Army per the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Id.  Plaintiff alleges she was "subjected to employment discrimination and intimidation through the enlistment process by the Army." Id. at 2 (capitalization omitted).  Plaintiff alleges the following in support of her claim:

> I applied for enlistment during approximately June of 2021 to February of 2022.  I was eligible and able to pass the PT physical, I adequately passed the ASVAB with a score of 70% or higher, and had a two-week enlistment date to enlist in the Army as a Paramedic in the Army Reserves, with opportunity for immediate advancement due to previous

> Corrections employment and submission of active and valid Emergency Medical Technitian [sic] NREMT license and certificate.
>
> At that time, I submitted a complaint against an Army Recruiter named Sgt. Moss for sexual harrassment [sic] and discrimination. I then returned to the Army recruiters office in Lincoln, Nebraska where I met with several recruiters and was treated in a disparaging way, including statements such as "this will take years to end," etc. At the end of the meeting, the recruiter handed me a promotional card to a local grocery outlet.

*Id*. at 2–3.

Plaintiff alleges "this event was a harmful and malicious hazing, intended to harrass [sic] and distress [her]," for which she "suffered immense and irrevocable harm, and exploitation, rather than a mutually beneficial agreement of gainful employment and a fulfilling career." *Id*. at 3. As relief, Plaintiff requests "the release of [her] application records and the administrative communications regarding such records," and she appears to seek damages in the amount of "the average annual income of a paramedic in the Army and the equivalent cost of education [she has] subsequently been denied due to prejudice had employment initiated at expected enlistment date." *Id*. (punctuation altered). Plaintiff also requests punitive damages "for the suffering and emotional distress of being capriciously and arbitrarily discriminated against for my sex and gender-identity, political and religious beliefs, and previous victimization." *Id*. at 4.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

Liberally construed, Plaintiff sues the Army for money damages under the FTCA and also seeks the release of her application and enlistment records under the FOIA. For the reasons that follow, Plaintiff's allegations fail to establish that she is entitled to relief upon either her FTCA or FOIA claim.

**A. FTCA**

"'[S]overeign immunity shields the Federal Government and its agencies from suit.'" *Mader v. U.S.*, 654 F.3d 794, 797 (8th Cir. 2011) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994)). "If Congress so chooses, however, it may waive the United States's sovereign immunity and 'prescribe the terms and conditions on which [the United States] consents to be sued, and the manner in which the suit shall be conducted.'" *Id.* (quoting *Beers v. State*, 61 U.S. (20 How.) 527, 529 (1857)).

Subject to certain exceptions, Congress has waived sovereign immunity for tort actions governed by the FTCA. "The FTCA waives the government's immunity in certain tort suits by providing that the 'United States shall be liable [for torts] . . . in the same manner and to the same extent as a private individual under like circumstances.'" *Barnes v. U.S.*, 448 F.3d 1065, 1066 (8th Cir. 2006) (quoting 28 U.S.C. § 2674). However, the United States is the only proper defendant in an action asserting a FTCA claim. *See* 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under [the FTCA] . . . ."); *F.D.I.C. v. Meyer*, 510 U.S. 471, 476–77 (1994); *Duncan v. Department of Labor*, 313 F.3d 445, 447 (8th Cir. 2002). Because Plaintiff only names the Army as a defendant in this matter, the Court lacks subject matter jurisdiction to consider her claims under the FTCA against the Army.

Notwithstanding the improperly named defendant, section 2675(a) of the FTCA also provides that:

> "[a]n [FTCA] action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." The Supreme Court has recognized that "[t]he most natural

4

reading of [§ 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."

Mader, 654 F.3d at 797 (quoting 28 U.S.C. § 2675(a) and McNeil v. United States, 508 U.S. 106, 112 (1993)).

Here, Plaintiff essentially seeks damages for the Army's denial of her application for enlistment and alleges she exhausted "all available grievance and appropriate reporting procedures at every available branch of government, to seek relief and appropriate redress of grievances, which at every opportunity have been neglected and ignored." Filing No. 1 at 2. Assuming Plaintiff has properly exhausted the required administrative remedies and the *Feres* doctrine does not apply to bar her FTCA claims,[1] her claims are clearly barred by the discretionary function exception of the FTCA.

The discretionary function exception prohibits any FTCA claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C.A. § 2680(a). "Employment decisions are discretionary, within the meaning of the FTCA's discretionary function exception. Therefore they are not reviewable by litigation under the FTCA." Daly v. Dep't of Energy, 741 F. Supp. 202, 206 (D. Colo. 1990) (citing Premachandra v. United States, 574 F.Supp. 365 (E.D.Mo.1983) *aff'd* 739 F.2d 392 (8th Cir.1984)). *See also* Sydnes v. United States, 523 F.3d 1179, 1185–86 (10th Cir. 2008) ("Decisions regarding employment and termination . . . are precisely the types of administrative action the discretionary function exception seeks to shield." (internal quotation marks and citation omitted)); Tonelli v.

---

[1] The United States Supreme Court held in Feres v. United States, 340 U.S. 135 (1950), "that a soldier may not recover under the Federal Tort Claims Act for injuries which 'arise out of or are in the course of activity incident to service.'" United States v. Shearer, 473 U.S. 52, 57 (1985) (quoting Feres, 340 U.S. at 146).

5

*United States*, 60 F.3d 492, 496 (8th Cir. 1995) (federal agency's "choice between several potential employees involves the weighing of individual backgrounds, office diversity, experience and employer intuition. These multi-factored choices require the balancing of competing objectives, and are of the 'nature and quality that Congress intended to shield from tort liability.'" (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 813 (1984))).

Because the Army's decision whether to permit Plaintiff to enlist as a member of the Army Reserves "involves an element of choice and is the kind of decision that implicates policy concerns relating to accomplishing the agency's mission," *Sydnes*, 523 F.3d at 1187, the discretionary function exception of the FTCA precludes review of Plaintiff's claims. See also *Satterfield v. United States*, 788 F.2d 395, 399 n.4 (6th Cir. 1986) ("[T]he Supreme Court has consistently observed that the selection of personnel for the military is indeed a military decision not subject to judicial scrutiny: 'The complex, subtle, and professional decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments, subject, *always* to civilian control of the Legislative and Executive Branches.'" (quoting *United States v. Shearer*, 473 U.S. 52, 58 (1985) (emphasis in original))). Moreover, to the extent Plaintiff claims the Army discriminated against her based on her "sex and gender-identity, political and religious beliefs, and previous victimization," Filing No. 1 at 4, Plaintiff alleges no facts to support such claims and the discretionary function exception applies even under circumstances where "the discretion involved be abused." 28 U.S.C.A. § 2680(a). *Cf*. *Johnson v. Alexander*, 572 F.2d 1219, 1224 (8th Cir. 1978) (holding that an applicant for enlistment in the United States Army could not sue Army officials under Title VII for

denying his enlistment because "neither Title VII nor its standards are applicable to persons who enlist or apply for enlistment in any of the armed forces of the United States"). Therefore, Plaintiff's FTCA claims must be dismissed.

## B. FOIA

Plaintiff seeks the release of her application records and enlistment files from the Army under the FOIA.

> Under FOIA, federal agencies are required to release government records to the public upon request, subject to nine listed exceptions. *See* 5 U.S.C. § 552(b). To prevail in a FOIA case, the plaintiff must show that an agency has (1) improperly (2) withheld (3) agency records. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (internal citations omitted). Injunctive relief for the improper withholding of records is the sole remedy under FOIA and only those records may be produced. *See* 5 U.S.C. § 552(a)(4)(B).

*Hensley v. United States Dep't of Just.*, No. 4:22-CV-00879-JM, 2022 WL 16575321, at *2 (E.D. Ark. Nov. 1, 2022).

Here, Plaintiff alleges no facts suggesting that she has submitted a proper request to the Army for the records she seeks or that she has exhausted her administrative appeals, a prerequisite for bringing a FOIA suit. *See Brumley v. U.S. Dep't of Labor*, 767 F.2d 444, 445 (8th Cir. 1985). Thus, Plaintiff's Complaint fails to state a FOIA claim upon which relief may be granted.

## IV. REQUEST FOR APPOINTMENT OF COUNSEL

In her Complaint, Plaintiff included a request for the appointment of counsel. Filing No. 1 at 2. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d

7

898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. As such, Plaintiff's request for appointment of counsel shall be denied without prejudice to reassertion.

### V.  CONCLUSION

Plaintiff's FTCA claims are barred by the discretionary function exception and will, therefore, be dismissed. Plaintiff's Complaint also fails to state a plausible FOIA claim upon which relief may be granted. However, on the Court's own motion, Plaintiff will be given 30 days in which to file an amended complaint that states a plausible FOIA claim against Defendant as set forth below.

IT IS THEREFORE ORDERED that:

1. Plaintiff's FTCA claims are dismissed without leave to amend.

2. Plaintiff shall have until **January 10, 2025,** to file an amended complaint that states a plausible claim for relief under the FOIA. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

3. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

4. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event she files an amended complaint.

5. The Clerk of Court is directed to set a pro se case management deadline using the following text: **January 10, 2025**: deadline to file amended complaint.

6. Plaintiff's request for the appointment of counsel is denied without prejudice to reassertion.

Dated this 11th day of December, 2024.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge